# EXHIBIT A

USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
CAMILO,

                         **Plaintiff,**

    -against-

LYFT, INC. ET AL.,

                         **Defendant.**

------------------------------------------------------------ x

17-CV-9116 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., District Judge:**

On October 17, 2017, Gustavo Camilo ("Camilo" or "Plaintiff"), a driver-for-hire for Lyft, Inc. ("Lyft"), commenced this putative class action against Lyft, Endor Car & Driver, LLC, Tri-City, LLC, and Tri-State Car and Driver, LLC, in New York state court alleging that Defendants had violated various state laws by double charging drivers for certain fees required by state law. *See* Notice of Removal, Ex. 1 (ECF No. 1). Lyft was served with the summons and complaint on October 23, 2017 and timely removed the case on November 21, 2017. *See* 28 U.S.C. § 1446(b). Lyft specified the Class Action Fairness Act ("CAFA") as its basis for removal, averring, among other things, that this is a putative class action with 100 or more class members, that the amount in controversy exceeds $5 million, and that the matter is sufficiently diverse because Lyft is a Delaware corporation, while Plaintiff resides in New York. *See* Notice of Removal.

Meanwhile, on November 9, 2017, Plaintiff amended his complaint to add Defendants Black Car Assistance Corporation and Black Car Operators Injury Compensation Fund, Inc. (the "Black Car Defendants"). *See* Amended Complaint (ECF No. 11-1). Plaintiff filed the instant

motion to remand on December 21, 2017, and briefing was fully submitted as of February 27, 2018.¹ For the reasons that follow, Plaintiff's motion to remand is DENIED.

## DISCUSSION

### I. CAFA and the Applicable Standards of Review

Under CAFA, federal jurisdiction over a class action is present where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," the proposed plaintiff class has 100 or more members, and in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Nonetheless, CAFA provides for three exceptions to federal jurisdiction. *See id.* § 1332(d)(3), (4). What have become commonly known as the "local controversy" and "home state" exceptions provide as follows:

> (4) A district court shall decline to exercise jurisdiction under paragraph (2)—
>   (A)(i) over a class action in which—
>     (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>     (II) at least 1 defendant is a defendant—
>       (aa) from whom significant relief is sought by members of the plaintiff class;
>       (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>       (cc) who is a citizen of the State in which the action was originally filed; and
>     (III) principal-injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action

---

¹ Lyft has not, to date, amended its Notice of Removal to attach the operative complaint. *See* 28 U.S.C. § 1446(a). However, because Plaintiff has not raised an objection, any such argument is waived. *See, e.g., CIT Small Bus. Lending Corp. v. Narang*, No. 1:14-CV-00593-MCE, 2014 WL 3563384, at *2 & n.3 (E.D. Cal. July 18, 2014) (suggesting remand would be appropriate based on failure to attach complaint, but noting that this defect is procedural and must be raised within 30 days, or is otherwise waived) (citing 28 U.S.C. §§ 1446(a), 1447(c); *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009)). Moreover, any such failure was certainly curable, and was effectively cured when Plaintiff attached the amended complaint to his own motion to remand, thus making it available for this Court's review. *See Allision v. Dolich*, No. 3:14-CV-1179-AC, 2014 WL 7240676, at *2 (D. Or. Dec. 16, 2014) (noting that failure to attach an amended complaint to a removal notice is a curable procedural defect) (citing *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013)).

> was originally filed; and
> (ii) during the 3–year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
> (B) two–thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

*Id.* § 1332(d)(4) (local controversy exception reflected at subsection (A) and home state exception reflected at subsection (B)).

Additionally, CAFA provides a "discretionary" exception, which allows a district court to, "in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . ." upon the weighing of six factors. *Id.* § 1332(d)(3). These factors include:

> (A) whether the claims asserted involve matters of national or interstate interest;
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

*Id.*

Here, Plaintiff does not dispute that Lyft's notice of removal satisfies the threshold showings of amount-in-controversy and minimal diversity for the purposes of CAFA jurisdiction, which Lyft, as the removing party, would normally bear the burden of proving.

3

*DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 275 (2d Cir. 2006). Rather, Plaintiff's remand motion focuses on the local controversy and discretionary exceptions, which he bears the burden of satisfying. *Greenwich Fin. Servs. Distressed Mortg. Fund 3 LLC v. Countrywide Fin. Corp.*, 603 F.3d 23, 26 (2d Cir. 2010).[2] "The Second Circuit has not resolved the level of proof required to establish an exception to CAFA jurisdiction." *Ramirez v. Oscar De La Renta, LLC*, No. 16-CV-7855 (RA), 2017 WL 2062960, at *7 (S.D.N.Y. May 12, 2017) (citing *Hart v. Rick's N.Y. Cabaret Int'l, Inc.*, 967 F. Supp. 2d 955, 962 (S.D.N.Y. 2014)). Most courts, however, "appear to agree that a 'preponderance of the evidence' standard applies." *Id.* (citing, *inter alia*, *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 388 (6th Cir. 2016)). The Court thus applies that standard here, and concludes that Plaintiff has failed to satisfy it.

## II. Local Controversy Exception

Here, Lyft contends that Plaintiff cannot invoke the local controversy exception because, among other reasons, he has failed to carry his burden of demonstrating that at least two-thirds of the putative class members are New York citizens. The Court agrees, and therefore does not reach Lyft's other arguments.

CAFA requires that citizenship be determined "as of the date of filing of the complaint or amended complaint." 28 U.S.C. § 1332(d)(7). In other words, for Plaintiff to properly invoke the local controversy exception, he must demonstrate by a preponderance that more than two-thirds of his putative class members were citizens of New York as of October 17 or November 9, 2017, the dates he filed his Complaint and Amended Complaint, respectively.[3]

---

[2] Plaintiff has not invoked the home state exception, and seemingly could not for the same reasons he cannot invoke the local controversy and discretionary exceptions. *See infra* Sections II-III.

[3] Lyft argues that CAFA jurisdiction is based upon "jurisdictional facts . . . viewed at the time when defendant files the notice of removal." Lyft Defendants' Opposition to Plaintiff's Motion to Remand ("Lyft Br.") at 14 (citing *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006)) (ECF No. 18). As a general matter, that may be true, but not, as here, where a statute appears to indicate otherwise. *See, e.g., Hart*, 967 F. Supp. 2d at 963 (applying Section 1332(d)(7) to determine citizenship as of date of filing of the complaint or amended complaint). In any

4

Plaintiff asserts claims on behalf of "all Drivers employed by Defendants in New York State during the Class Period[,]" which he defines as "any time between January 2014, and the date when judgment is entered in this action." Amended Complaint ¶¶ 1, 62. However, the only support that Plaintiff offers for his conclusory assertion that "two-thirds of class members are citizens of the State of New York[]" is that "every New York State Lyft driver must have a New York State registered vehicle." Declaration of Gustavo Camilo ¶¶ 11-12 (ECF No. 12). He argues elsewhere that a New York State driver's license is also required. *See* Memorandum of Law in Support of Motion to Remand ("Camilo Br.") ¶ 5 (ECF No. 13); *see also* Lyft Br. at 14 (conceding that New York state license is requirement for Lyft drivers because of "legal requirement that drivers operating in New York State have New York drivers' licenses"). That being said, Plaintiff concedes that his declaration reflects that "the dispersal of class members to other states since the time of the occurrences alleged in the complaint is the only reason that the class cannot, in fairness to the defendants, be limited to the citizens of this State." Plaintiff's Motion to Remand ¶ 6(d) (ECF No. 10).

This minimal and equivocal showing is plainly insufficient to satisfy Plaintiff's burden. Merely relying upon an assumption that certain class members did not move out-of-state over a period of time preceding the filing of a given class action (*i.e.*, without any additional factual allegations) cannot in itself establish two-thirds domicile for the purposes of the local controversy exception. *See, e.g., Serrano v. Bay Bread LLC*, No. 14-CV-01087-TEH, 2014 WL 1813300, at *2 (N.D. Cal. May 6, 2014) (rejecting argument that presumption of continuing domicile supports position that if class consists of persons employed in California within last four years, then more than two-third of class members likely remain California citizens, because

---

event, the distinction is immaterial here, as this action was removed on November 21, 2017, only twelve days after the filing of the amended complaint.

presumption of continuing domicile only applies once domicile is affirmatively established) (citing *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013)); *see also Dutcher v. Matheson*, 16 F. Supp. 3d 1327, 1333 (D. Utah 2014) (suggesting that Plaintiff's assertion "on information and belief" as to former property owners still being citizens of state was insufficient, and surveying other cases).

Moreover, while a driver's license or registration may be probative of domicile (as relevant to question of diversity of citizenship), it is certainly not dispositive. *See Durst v. Siegler*, No. 04-CV-6981 (RMB), 2005 WL 3358599, at *8 (S.D.N.Y. Dec. 7, 2005) (citing *Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (rejecting voting or driver's license as sole evidence of changed domicile because, otherwise, parties could "opt in or out of federal diversity jurisdiction" between multiple residences)); *see also Hart*, 967 F. Supp. 2d at 964 (suggesting that person's residing in New York for the purposes of work does not establish citizenship, especially where nature of work was "short-term or itinerant" and party invoking exception has not supplied court with, for example, statistical evidence such as duration of employment, the nature of the labor pool from which employer drew employees, and mobility versus stability of employees); *see also Get a Driver License*, N.Y. Dep't of Motor Vehicles, https://dmv.ny.gov/driver-license/get-driver-license (last visited Mar. 1, 2018) (suggesting that New York residents must apply for New York driver's licenses, but not that those with New York driver's licenses must live in New York, or must relinquish those licenses upon establishing domicile within another state) (citing N.Y. Vehicle and Traffic Law § 250(5)).

For these reasons, Plaintiff has failed to satisfy his burden of demonstrating by a preponderance that two-thirds of his proposed class are New York citizens. As such, Plaintiff has failed to establish that the local controversy exception to CAFA applies, and the Court need

not reach the parties' remaining disputes as to this exception.

### III. Discretionary Exception

Plaintiff all but concedes that Lyft, a Delaware company, is a primary defendant for the purposes of the discretionary exception. *See* Camilo Br. ¶ 14 (stating that "a *majority* of the principal defendants are citizens of New York State") (emphasis added); *see also* Plaintiff's Response to Defendants Opposition ("Camilo Reply") at 11-13 (declining to address Lyft's argument that it is a "primary defendant" and therefore the discretionary exception cannot be invoked, and then proceeding to acknowledge that "Black Car Fund may not be most able to satisfy the judgment . . . [because] Lyft is the behemoth here") (ECF No. 32). Under the case law that both parties cite, Lyft is inarguably a primary defendant because it is named as a defendant in every cause of action and is alleged to be directly liable to Plaintiff and the *entire* putative class. *Sorrentino v. ASN Roosevelt Ctr., LLC*, 588 F. Supp. 2d 350, 358 (E.D.N.Y. 2008) (identifying these factors), *cited in* Lyft Br. at 17; Camilo Reply at 12. Lyft's status as a primary defendant alone establishes that the discretionary exception does not apply, and disposes of the parties' other arguments with respect to it. *See, e.g., Dutcher v. Matheson*, 840 F.3d 1183, 1194-95 (10th Cir. 2016) (holding that "the phrase 'the primary defendants are citizens of the State' in the CAFA setting requires a showing that *all* primary defendants are citizens of the relevant state").

## CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to remand this action to state court is DENIED.

The Clerk of Court is respectfully directed to terminate ECF No. 10.

**SO ORDERED.**

Dated:    **March 19, 2018**
          **New York, New York**

                                            **ANDREW L. CARTER, JR.**
                                            **United States District Judge**