# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
GUSTAVO CAMILO, individually, on behalf of
all others similarly situated,

                      Plaintiffs,

    -against-

UBER TECHNOLOGIES, INC., et al.,

                      Defendants.
------------------------------------------------------------- X

**ORDER DENYING MOTION TO REMAND**

17 Civ. 9508 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff, on behalf of all Uber drivers, sues Uber Technologies, Inc., its New York and other subsidiaries, and The Black Car Assistance Corporation, a not-for-profit corporation providing workers' compensation to Uber drivers ("Black Car"), alleging violations of N.Y. Labor Law § 19 and other State laws for unlawful wage deductions. The suit was brought in the New York Supreme Court and was timely removed to this court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 (d). *See* Dkt. No. 1. Plaintiff moves to remand to the Supreme Court. *See* Dkt. No. 15.

    CAFA covers, among other matters, civil actions (like here) where "any member of a class of plaintiffs is a citizen of a state different from any defendant." CAFA § 1332(d)(2)(A). Camilo is alleged to be a citizen of New York State, *see* Declaration of Gustavo Camilo, Dkt. No. 17, and Uber Technologies is incorporated in the State of Delaware, with a principal place of business in San Francisco, California, *see* Notice of Removal, Dkt. No. 1.

    CAFA provides also that the district courts have discretion to decline to exercise jurisdiction if more than a third but less than two-thirds of the proposed class as well as the "primary defendants" are citizens of the state in which the action was originally filed (New York

here). CAFA § 1332(d)(3). The complaint makes no allegations of the citizenship of the members of the proposed class. Plaintiff argues that the New York license registrations of the Uber drivers suggest New York Citizenship, *see* Declaration of Joseph Romano Supporting Motion to Remand, Dkt. No. 16, but citizens of neighboring states (New Jersey and Connecticut) also can obtain licenses. I cannot find on this record that at least one-third of the proposed class are citizens of New York. Further, the "primary defendant," Uber Technologies, is not a citizen of New York State. The requirements of § 1332(d)(3) are not met.

Similarly, the requirements for mandatory exclusion from CAFA jurisdiction under § 1332(d)(4) are not met. I cannot find on this record that two-thirds of the proposed class are citizens of New York State. *See* § 1332(d)(4)(A)(i)(I).

Accordingly, Plaintiff's motion for remand is denied. The Clerk shall terminate Dkt. Nos. 15, 42. Defendants' motions to dismiss the complaint, Dkt. No. 31, and to compel arbitration, Dkt. No. 28, will be addressed by this court.

SO ORDERED.

Dated: April 18, 2018
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge