```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JOSEPH KASIOTIS, individually and on behalf of all    :
other similarly situated New York consumers,          :
                                                      :
                    Plaintiff,                        :  Case No. 18-cv-08057-CS
                                                      :
        v.                                            :  Hon. Cathy Seibel
                                                      :
NEW YORK BLACK CAR OPERATORS'                         :
INJURY COMPENSATION FUND, INC.,                       :  ANSWER
                                                      :
                    Defendant.                        :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

Defendant New York Black Car Operators' Injury Compensation Fund, Inc. ("Defendant" or the "Black Car Fund"), by and through its undersigned counsel, answers the separately numbered paragraphs in the Complaint in this action and asserts affirmative and other defenses as follows:

## NATURE OF THE ACTION

1. Defendant denies the allegations in paragraph 1 of the Complaint, and denies that Plaintiff or the putative class is entitled to any of the relief sought therein.

2. Paragraph 2 of the Complaint consists of legal conclusions to which no response is required. If and to the extent a response is deemed to be required, Defendant denies the allegations in paragraph 2.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no response is required. If and to the extent a response is deemed to be required, Defendant denies the allegations in paragraph 3.

4. Paragraph 4 of the Complaint consists of legal conclusions to which no response is required. If and to the extent a response is deemed to be required, Defendant denies the allegations in paragraph 4, and denies that Plaintiff is entitled to the relief sought therein.

## THE PARTIES

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis denies the same.

6. Defendant admits the allegations in Paragraph 6 of the Complaint, except denies that it provides workers' compensation benefits to "livery car operators" in New York state.

## JURISDICTION AND VENUE

7. Defendant admits that the Court has personal jurisdiction over it.

8. Defendant admits that venue is proper in the United States District Court for the Southern District of New York.

## THE FACTS

9. Defendant admits the allegations in paragraph 9 of the Complaint.

10. Paragraph 10 consists of legal conclusions to which no response is required. If and to the extent a response is deemed to be required, Defendant refers to Article 6-F of the New York Executive Law for its full content and otherwise denies the allegations in paragraph 10.

11. Paragraph 11 consists of legal conclusions to which no response is required. If and to the extent a response is deemed to be required, Defendant refers to Article 6-F of the New York Executive Law for its full content and otherwise denies the allegations in paragraph 11.

12. Defendant refers to Article 6-F of the New York Executive Law, and the plan of operation of the Black Car Fund for its full content and otherwise denies the allegations in paragraph 12 of the Complaint.

13. Defendant denies the allegations in paragraph 13 of the Complaint.

14. Paragraph 14 consists of legal conclusions to which no response is required. If and to the extent a response is deemed to be required, Defendant refers to Article 6-F of the New York Executive Law, and the plan of operation of the Black Car Fund for their full content and otherwise denies the allegations in paragraph 14.

15. Paragraph 15 consists of legal conclusions to which no response is required. If and to the extent a response is deemed to be required, Defendant refers to Article 6-F of the New York Executive Law, and the plan of operation of the Black Car Fund for their full content and otherwise denies the allegations in paragraph 10.

16. Paragraph 16 consists of legal conclusions to which no response is required. If and to the extent a response is deemed to be required, Defendant refers to Article 6-F of the New York Executive Law, and the plan of operation of the Black Car Fund for their full content and otherwise denies the allegations in paragraph 16.

17. Paragraph 17 consists of legal conclusions to which no response is required. If and to the extent a response is deemed to be required, Defendant refers to Article 6-F of the New York Executive Law, and the plan of operation of the Black Car Fund for their full content and otherwise denies the allegations in paragraph 17.

18. Defendant refers to Article 6-F of the New York Executive Law, and the plan of operation of the Black Car Fund for their full content and otherwise denies the allegations in paragraph 10 of the Complaint.

19. Defendant denies the allegations in paragraph 19 of the Complaint.

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant refers to the cited article for its full content, and otherwise denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis denies the same.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and on that basis denies the same.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and on that basis denies the same.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and on that basis denies the same.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and on that basis denies the same.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the Complaint, and on that basis denies the same.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, and on that basis denies the same.

33. Defendant denies that Plaintiff or the putative class is entitled to the relief sought in paragraph 33 of the Complaint.

## **CLASS DEFINITION AND ALLEGATIONS**

34. Defendant denies that Plaintiff is entitled to certification of the class described in paragraph 24 of the Complaint.

35. Defendant denies the allegations in paragraph 25 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 36 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant denies the allegations in paragraph 40 of the Complaint, and denies that Plaintiff or the putative class is entitled to the relief sought therein.

41. Defendant denies the allegations in paragraph 41 of the Complaint, and denies that Plaintiff or the putative class is entitled to the relief sought therein.

## FIRST CAUSE OF ACTION
### (Unjust Enrichment)

42. Defendant realleges and incorporates by reference its responses to all of the preceding paragraphs as though fully set forth herein.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint, and denies that Plaintiff or the putative class is entitled to the relief sought therein.

## SECOND CAUSE OF ACTION
### (Permanent Injunction)

45. Defendant realleges and incorporates by reference its responses to all of the preceding paragraphs as though fully set forth herein.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies that Plaintiff or the putative class is entitled to any of the relief sought in the Prayer for Relief on pages 12 and 13 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following defenses without assuming any burden of production or proof that he would not otherwise have:

1. The Complaint fails to state a claim for relief.

2. The New York Executive Law authorizes inclusion of non-cash tips in calculating the surcharge, as such non-cash tips are a component of "the invoices or billings for covered services sent to the customers of the fund's members." N.Y. Exec. Law §160-jj(2)(a).

3. The New York Executive Law delegates to Defendant the authority to "establish" in its plan of operation "a procedure for determining and collecting the appropriate amount of surcharges and assessments." N.Y. Exec. Law § 160-gg(2)(e). The plan of operation, in turn, authorizes the inclusion of non-cash tips in determining the amount of the surcharge – and has since the inception of the Black Car Fund.

4. Defendant has not been unjustly enriched by any of the conduct alleged in the Complaint, and the balance of the equities favors Defendant.

5. Plaintiff's claims are precluded by the doctrines of waiver, estoppel, ratification and laches.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. Defendant reserves the right to assert any further defenses that come to light through discovery or further investigation of the facts.

Dated: November 12, 2018
      New York, New York

**SCHLAM STONE & DOLAN LLP**

By: _____/s/_____
Bradley J. Nash
26 Broadway
New York, New York 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-0755
bnash@schlamstone.com

*Attorneys for Defendant Black Car Operators' Injury Compensation Fund, Inc.*