UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

JOSEPH KASIOTIS, individually and on behalf of
all other similarly situated New York consumers,

                    Plaintiff,

vs.

NEW YORK BLACK CAR OPERATORS'
INJURY COMPENSATION FUND, INC.,

                    Defendant.

------------------------------------------------------------ X

:   <u>STIPULATED PROTECTIVE ORDER</u>

:   18-CV-8057 (CS)

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.** All disclosures, affidavits, declarations, and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, property inspections, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. The Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.     **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the

designation.  Documents shall be designated prior to or at the time of the production or disclosure of the documents.  When property or a tangible object is produced for inspection subject to protection under this Order, where feasible, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL, or HIGHLY CONFIDENTIAL, or the producing party shall otherwise notify the receiving party in writing of the designation. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation.  When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. Original documents that are produced for inspection may be designated CONFIDENTIAL, or HIGHLY CONFIDENTIAL even though the original documents being produced have not themselves been so labeled.  All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation.  The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL, or HIGHLY CONFIDENTIAL, as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation.  The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.	**Documents and Information That May Be Designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.**  Any party may designate documents and other information as CONFIDENTIAL upon making a good faith determination that the documents contain

information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or other such sensitive commercial information that is not publicly available. Any party may designate documents and other information as HIGHLY CONFIDENTIAL upon making a good faith determination that the documents contain highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Public records and documents that are publicly available may not be designated for protection under this Order. Documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall include, for example: (a) all copies of, extracts of, and complete or partial summaries prepared using documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL; (b) portions of deposition transcripts and exhibits thereto, and portions of briefs, memoranda, written discovery responses and answers, or any writings filed with the Court or exhibits thereto, that contain, summarize, or reflect documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL; and (c) deposition testimony designated in accordance with the provisions of this Order.

   **4.**  **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. On the record, a party may temporarily designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within thirty days of the receipt thereof and specifically designate the testimony and exhibits that will be

protected under this Order.  Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

      **5.**      **Protection of Documents Designated CONFIDENTIAL.**  Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof.  The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (a)-(g). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

      **(a)**      **Outside Counsel of Record.**  Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

      **(b)**      **Parties.**  Parties and employees of a party to this Order.

      **(c)**      **The Court.**  The Court and its personnel.

      **(d)**      **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions.

      **(e)**      **Persons Creating or Receiving Documents.**  Any person who authored the designated document, and any person who has previously received or seen the designated document in circumstances under which he or she was authorized to receive or see it.

      **(f)**      **Consultants, Investigators, and Experts.**  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and

Agreement to Be Bound"), and, further, that the time for objection to disclosure to such persons have passed without objection or that any objections made have been resolved in favor of disclosure.

**(g)** **Others by Consent.**  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound").

**6.** **Protections of Documents Designated HIGHLY CONFIDENTIAL.**

Documents produced and marked as HIGHLY CONFIDENTIAL may be disclosed only to outside counsel for the receiving party, and consultants, investigators, and experts retained by the receiving party's outside counsel (but only after such persons have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound"), and, further, that the time for objection to disclosure to such persons have passed without objection or that any objections made have been resolved in favor of disclosure), and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court.

**7.** **Control of Documents.**  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

**8.** **Copies.**  All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order.  The term "copies" shall not

include indices, electronic databases, or lists of documents provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

9.      **Inadvertent Production; "Clawback" Procedure.**  Fed. R. Evid. 502 applies, in the circumstances set out therein, to the disclosure of a communication or information covered by the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity, as well as to inadvertent production of any document or information without a designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The parties agree that in the event that privileged information is inadvertently produced:

(a)      Inadvertent production of documents or information subject to attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute waiver of such privilege or immunity.  A producing party that believes it has inadvertently produced a privileged or protected document shall have the right to request that the document be returned ("clawback").

(b)      The producing party shall specify in writing the Bates-stamp number(s) of the document requested and the basis of the privilege or immunity being asserted (*e.g.*, it shall be sufficient to state solely that the document is protected by the attorney-client privilege, work-product immunity, or another privilege or immunity).

(c)      Upon such request, the receiving party in possession of the document shall return the document to the producing party within five (5) calendar days -- regardless of whether the receiving party has an objection to the basis of the privilege or immunity asserted -- and shall destroy any copies, including electronic copies, of

such a document.  The receiving party may retain possession of the media containing the load and text files of the inadvertently produced document.

**(d)**     The parties agree that returning a document pursuant to this Order does not waive or otherwise alter the right of a party to object to the basis of the privilege or immunity asserted.

**(e)**     A clawback request may be made for an inadvertently produced document at any time prior to:  (i) the use of the document during a deposition; (ii) the use of the document as an exhibit to a pleading filed with the Court; (iii) the identification of the document for use at trial; or (iv) any other disclosure of the document to the Court.  Subsequent to any such use, identification, or disclosure of an inadvertently produced document, the producing party has fourteen (14) calendar days from the date of use, identification, or disclosure to provide notice of the inadvertent production.  Notwithstanding any other provision of this Order, failure to provide notice within this fourteen (14) calendar day period shall constitute a waiver of any applicable privileges or immunities with respect to the inadvertently produced document only, and shall not be construed as a general waiver of any applicable privilege or immunity with respect to the subject matter disclosed therein.

**10.     Challenges by a Party to a Designation for Protection Under this Order.**  Any CONFIDENTIAL or HIGHLY CONFIDENTIAL designation is subject to challenge by any party or non-party with standing to object (hereafter "party").  Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If agreement is reached confirming or waiving the CONFIDENTIAL or HIGHLY

CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

11. **Action by the Court.** Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

12. **Filing of CONFIDENTIAL or HIGHLY CONFIDENTIAL Documents Under Seal.** In the event that any item designated CONFIDENTIAL or HIGHLY CONFIDENTIAL is included in materials filed with this Court, such materials must be filed under seal with instructions to the Clerk that, except as otherwise provided by this Court or agreed to by the parties, the papers must be maintained under seal pursuant to this Order and are not to be disclosed to any person other than this Court and counsel for the parties.

13. **Use of Confidential Documents or Information at Trial or Deposition.**

(a) **Use at Trial.** Absent an order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.). Upon motion of the party designating the document for protection under this Order, the Court

may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**(b)**     **Use at Deposition.**  The following persons may be examined and give testimony as follows:

    **(1)**     A witness who is permitted to review documents designated CONFIDENTIAL pursuant to ¶ 5 may be examined and may testify concerning such documents.

    **(2)**     A present employee or representative of a producing party may be examined and may testify concerning documents designated CONFIDENTIAL by such producing party.

    **(3)**     A former employee, associate, representative, or consultant of a producing party may be examined and may testify concerning documents designated CONFIDENTIAL by such producing party, provided that the former employee, associate, representative, or consultant had access to such documents during the period or periods of his/her employment or association with the producing party.

    **(4)**     A non-party may be examined and may testify concerning documents designated CONFIDENTIAL that the non-party either created, authored, or received.

    **(5)**     Any witness may be examined and may testify concerning documents designated CONFIDENTIAL if, by virtue of other testimony or circumstances, the witness previously had lawful access to such documents.

(6)     Any witness may be examined and may testify concerning documents designated CONFIDENTIAL upon approval in writing, or on the record by counsel for the producing party, or by order of the Court.

(7)     Counsel for the producing party may request that all persons, other than those persons permitted to review documents designated CONFIDENTIAL pursuant to ¶ 5, leave the deposition room during any portion of a deposition in which such documents are disclosed or discussed.  Lack of compliance with such a request shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question.

**14.   Obligations on Conclusion of Litigation.**

**(a)     Order Remains in Effect.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)     Return of Documents Designated for Protection Under this Order.**  Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the

Court or exchanged by the parties even though they may contain documents designated for protection under this Order.  Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order.  This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation.  An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

(c)     **Return of Documents Filed under Seal.**  After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to Counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

15.     **Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

16.     **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.    **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

DENLEA & CARTON LLP

Jeffrey I. Carton
Amber T. Wallace
Christopher D. Barraza
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
(914) 331-0100

*Attorneys for Plaintiff*

SCHLAM STONE & DOLAN LLP

Bradley J. Nash
26 Broadway
New York, New York 10004
(212) 344-5400

*Attorneys for Defendant*

**SO ORDERED.**

November 26, 2018
_____
Dated

_____
CATHY SEIBEL, U.S.D.J.

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

| | : | STIPULATED PROTECTIVE |

JOSEPH KASIOTIS, individually and on behalf of
all other similarly situated New York consumers,

                                 Plaintiff,

vs.

NEW YORK BLACK CAR OPERATORS'
INJURY COMPENSATION FUND, INC.,

                                 Defendant.

           :   STIPULATED PROTECTIVE
           :   ORDER

           :   **ATTACHMENT A**

           :   18-CV-8057 (CS)

------------------------------------------------------------- X

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

      The undersigned hereby acknowledges that he/she has read the Protective Order entered

in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be

bound by its terms.  The undersigned submits to the jurisdiction of the United States District

Court for the Southern District of New York in matters relating to the Protective Order and

understands that the terms of the Protective Order obligate him/her to use documents designated

CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned

action, and not to disclose any such documents or information derived directly therefrom to any

other person, firm, or concern.

      The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

_____  Date:_____

Name:_____  Business Address:_____

Job Title:_____  _____

Employer:_____  _____