UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

JOSEPH KASIOTIS, individually and on behalf of
all other similarly situated New York consumers,

                        Plaintiff,

vs.

NEW YORK BLACK CAR OPERATORS'
INJURY COMPENSATION FUND, INC.,

                        Defendant.

------------------------------------------------------------------ X

Case No. 7:18-cv-8057 (PMH)

**ORDER ON UNOPPOSED
MOTION FOR CLASS
CERTIFICATION**

This putative class action is brought by plaintiff Joseph Kasiotis ("Plaintiff") against

defendant New York Black Car Operators' Injury Compensation Fund, Inc. ("Defendant"),

asserting a claim for unjust enrichment arising from Defendant's imposition of a surcharge of

2.5% on voluntary, non-cash tips and gratuities paid by passengers in connection with the use of

black car services.

Now pending before the Court is Plaintiff's Motion for Class Certification (the

"Motion"). Defendant has not filed any opposition to the Motion.

For the reasons set forth in Plaintiff's Memorandum of Law in Support of His Motion for

Class Certification, the Court hereby finds the requirements of Fed. R. Civ. P. 23 for class

certification are met as follows:

1. The putative class is so numerous that joinder of all members is impracticable.

2. There are common questions of law and fact among the putative class members.

3. Typicality is satisfied insofar as each putative class member's claim arises from the
   same course of events, and each putative class member makes similar legal arguments
   to prove Defendant's liability.

4. Plaintiff can fairly and adequately protect the interests of the putative class members.

5. Proposed class counsel, Denlea & Carton LLP, is qualified, experienced and generally able to conduct the litigation.

6. Questions of law and fact common to all putative class members predominate over any questions affecting individual members.

7. Proceeding as a class action is superior to any other method of adjudication.

Accordingly, pursuant to Fed. R. Civ. P. 23(a) and (b), the Court hereby:

1. Certifies the class defined as:

> All consumers who, from August 1, 2015 to the present, used a black car service, provided a voluntary non-cash tip to the black car driver, and paid a surcharge upon that non-cash tip, which was then remitted to the New York Black Car Operators' Injury Compensation Fund, Inc. (the "Fund"). Excluded from the class are the Fund, its parents, subsidiaries, affiliates, officers, and directors, and judicial officers and their immediate family members, and associated court staff assigned to this case.

2. Appoints Plaintiff as the class representative.

3. Appoints Denlea & Carton LLP as class counsel.

Dated: October 20, 2020
      White Plains, New York

                                               Hon. Philip M. Halpern
                                               United States District Judge