Seth D. Allen
Counsel

212-344-5400
sallen@schlamstone.com

December 20, 2021

BY ECF AND EMAIL
Honorable Philip M. Halpern
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

**SCHLAM STONE & DOLAN LLP**

> Motion for certification pursuant to 28 U.S.C. § 1292(b) is denied.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         December 21, 2021

Re: ***Kasiotis v. New York Black Car Operators' Injury Compensation Fund, Inc.***, **Case No. 18 Civ. 8057 (PMH)**

Dear Judge Halpern:

We represent Defendant New York Black Car Operators' Injury Compensation Fund, Inc. (the "Fund") in the above-referenced matter. We write to respectfully request that the Court certify, pursuant to 28 U.S.C. § 1292(b) that the Court's order granting summary judgment to Plaintiff Joseph Kasiotis against the Fund (ECF Nos. 61, 64) (the "Summary Judgment Order") "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). We have shared this letter with Plaintiff's counsel who does not object to the request.

As Your Honor is aware from the parties' ongoing status letters, in this action, the latest of which was filed and so-ordered by the Court on May 14, 2021 (ECF No. 78), the Fund has appealed the Court's Summary Judgment Order (ECF Nos. 61, 64). The appeal was argued on December 8, 2021.

During that argument, the Second Circuit panel raised a question about their jurisdiction over the appeal, because the Summary Judgment Order resolved only the question of liability, not damages. Both in the briefing and during oral argument, counsel for both parties agreed that the Second Circuit has jurisdiction and should hear the appeal. However, following argument, the Second Circuit issued an order requesting supplemental briefing on the jurisdictional question, due on or before January 7, 2021.

While the parties both believe that there are multiple, alternative grounds on which the Second Circuit has jurisdiction over this appeal, the parties are also in agreement that the simplest way to resolve the Second Circuit's concern regarding jurisdiction is for this Court to certify, pursuant to 28 U.S.C. § 1292(b), that the Summary Judgment Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially

Honorable Philip M. Halpern
12/20/2021
Page 2 of 3 Pages

advance the ultimate termination of the litigation." We believe that, in this case, that test is clearly met.

**First**, the Summary Judgment Order involves a controlling question of law on which reasonable minds can disagree: Whether the Fund's enabling statute, which provides the Fund may collect the surcharge on the "invoice, billings . . . or credit payment" for "covered services" permitted the Fund to collect the surcharge on non-cash tips. This is undisputedly a question of first impression that turns almost entirely on the statutory interpretation of the statute. *See*, *e.g.*, *ABN AMRO Verzekeringen BV v Geologistics Ams., Inc.*, 2003 U.S. Dist. LEXIS 11611, at *7-9 (S.D.N.Y. July 7, 2003) (finding that this prong was met where "there are few . . . cases to draw upon in this context," and where the law "is not well-settled"); *In re Prudential Lines, Inc.*, Nos. 93 Civ. 1481 (CSH), 93 Civ. 7164 (CSH), 1995 U.S. Dist. LEXIS 2056, 1995 WL 79575, at *1 (S.D.N.Y. Feb. 22, 1995) ("There is substantial ground for difference of opinion when the authority on a point of law is in conflict, or when there is a relative lack of authority on the precise question.") (internal quotation omitted).

**Second**, it is clear that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." If the Court's decision that the statute does not permit the Fund to collect the surcharge on non-cash tips is affirmed, then no party disputes that Plaintiff's (and the class) will be entitled to damages, in an amount to be determined. If this is the case, the parties will complete damages discovery and the parties will notify the class. Alternatively, if the Summary Judgment Order is reversed, the parties agree that Plaintiff's claim will fail (and thus that no damages discovery will be necessary). **Indeed, this is the reason why the parties have agreed, with the Court's approval, to refrain from deciding the damages in this action until after the appeal on liability is decided**. There is no question that this entire action, including whether there will be need for additional damages discovery and class notice hinges on the Summary Judgment Order. *See W. Geophysical Co. v Bolt Assoc., Inc.*, 463 F.2d 101, 105 (2d Cir. 1972) ("In a case where the hearing on damages will be truly prolonged, and the judge considers his ruling on liability to present a controlling question of law as to which there is substantial ground for difference of opinion, a permissive interlocutory appeal under 28 U.S.C. § 1292(b) is available.") (internal quotations omitted).

Finally, as for the timing of this request, the issue only arose recently when the Second Circuit panel expressed a concern as to the basis of its appellate jurisdiction. We note that 28 U.S.C. § 1292(b) provides no specific time frame by which a party may seek a Section 1292(b) certifications *See Century Pac., Inc. v Hilton Hotels Corp.*, 574 F Supp 2d

Honorable Philip M. Halpern
12/20/2021
Page 3 of 3 Pages

369, 371 (SDNY 2008) ("[N]either § 1292(b) nor Federal Rule of Civil Procedure 5(a), which governs petitions for permission to appeal, specify a time in which a party must move for the order itself to be certified for interlocutory appeal."); *Frontier-Kemper Constructors, Inc. v Am. Rock Salt Co.*, No. 01-CV-6217 (CJS), 2003 U.S. Dist. LEXIS 18531, at *5 (W.D.N.Y. Sep. 4, 2003) ("[I]t is clear that litigants may seek the district court's permission to take the appeal after the issuance of the non-final order to be appealed."). Courts have merely held that any such delay in seeking certification must be "reasonable." *Id.*

Here, the only reason that the Fund did not previously seek a Section 1292(b) certification is because both Plaintiffs and the Fund believed that the order could be appealed on the other grounds. While we continue to believe that those alternative grounds provide jurisdiction to the Second Circuit, based on the panel's comments during oral argument and its subsequent order, the parties are eager to resolve any such issue by obtaining certification pursuant to Section 1292(b). Ensuring that the appeal is heard and decided now would serve the interests of judicial economy, since the questions raised on the appeal will inevitably be decided at some point and it is far more effective and efficient to have them resolved now before the Court and the parties are required to spend time and effort on damages, class notice and other proceedings that will be moot if the Second Circuit disagrees with this Court's construction of the controlling statute. Importantly, the delay in seeking certification here will not delay the appeal, because **the appeal has already been briefed and argued**. Should the Court grant certification, we will simply inform the Second Circuit of this fact as an additional reason why the Second Circuit has jurisdiction to hear the appeal at this time.

Finally, we respectfully note that, pursuant to 28 U.S.C. § 1292(b), the Court's order certifying this issue for appeal must specifically set forth the controlling issue of law, that it is subject to reasonable dispute, and that resolution of the question will materially advance the ultimate termination of the litigation. For the Court's convenience, the parties are submitting a proposed order for Your Honor's consideration.

We are available to discuss this issue at the Court's convenience.

Sincerely,

Seth D. Allen

Copies To:
All Counsel of Record (by ECF)