UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
: **ORDER**
JOSEPH KASIOTIS, individually and on behalf of : Case No. 18-CV-8057
all other similarly situated New York consumers, : (PMH)
:
Plaintiff, :
:
vs. :
:
NEW YORK BLACK CAR OPERATORS' :
INJURY COMPENSATION FUND, INC., :
:
Defendant. :
:
------------------------------------------------------------------ X

The Court, having on October 23, 2020, issued its order granting the motion for summary judgment by Plaintiff Joseph Kasiotis on his cause of action for unjust enrichment and denying the motion for summary judgment by Defendant New York Black Car Operators' Injury Compensation Fund, Inc. (ECF No. 61), for the reasons set forth on the record in the October 22, 2020 transcript of proceedings (ECF No. 64) (together the "Liability Order"), and the Court on __August 4__, 2022, having so-ordered the parties' stipulation providing that, in the event the Liability Order is affirmed on appeal, the amount of damages owed to the Class is $8,446,112.99 (the "Damages Order" and together with the Liability Order the "Summary Judgment Order"), hereby AMENDS[1] the Summary Judgment Order to include the following statements.

> The Court is of the opinion that its determination that the Fund's application of the surcharge on non-cash tips is contrary to the Fund's governing statute, New York Executive Law Section 160-cc *et seq.*, is a controlling question of law as to which there is substantial ground for difference of opinion. As the Court noted on the record October 22, 2020, the Court is not aware of any other case construing the specific statutory language at issue that provides insight as to whether noncash tips are part of an invoice, or billing, or credit payment for covered services.

---

[1] The Court amends out of an excess of caution, because 28 U.S.C. § 1292(b) provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [the criteria for granting certification are met,] he shall so state in writing *in such order*." *See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 2012 WL 2952929, at *10 (S.D.N.Y. July 18, 2012).

The Court is also of the opinion that an immediate appeal from the Summary Judgment Order may materially advance the ultimate termination of the litigation, insofar as a reversal of the Summary Judgment Order would dispose of this action in its entirety, while affirmance would permit the parties to move to a determination of the remaining purely legal issues, including the application of pre-judgment interest, the amount of any award of attorneys' fees, and the process of class notification and final distribution of damages to the class. As a final determination of these issues would become moot should this Court's order be reversed, the immediate appeal of the Court's order would materially advance the ultimate termination of the litigation.

Accordingly, the Court hereby certifies the Summary Judgment Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Any remaining issues in this case, as well as any enforcement of the Summary Judgment Order is hereby stayed until: (i) the Second Circuit issues an order deciding whether to accept the parties' petition for a permissive appeal; and (ii) should the Second Circuit grant a permissive appeal, until the final resolution of that appeal.

SO ORDERED this 4th day of August, 2022

By: _____
PHILIP H. HALPERN
UNITED STATES DISTRICT JUDGE